# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WENDY NADINE PIERZO,**

             **Plaintiff,**

v.                                                          **Case No: 6:23-cv-1993-CEM-DCI**

**UNITED STATES OF AMERICA,**

             **Defendant.**

## ORDER

Pending before the Court is Defendant's Motion to Strike Plaintiff's expert disclosure (the Disclosure) as untimely and defective. Doc. 24 (the Motion). On July 24, 2024, the Court entered a Case Management and Scheduling Order (CMSO) and set the deadline for Plaintiff's expert report disclosure as April 1, 2025. Doc. 19 at 1. Defendant contends that "Plaintiff did not provide an expert disclosure until May 1, 2025 (Ex. A), until after Defendant served its disclosure." *Id.* at 1 (citing 24-1).[1] As a result, Defendant states that its counsel advised Plaintiff's counsel that Defendant would move to strike the Disclosure as untimely filed. *Id.*

The CMSO deadline Defendant cites to, however, relates to the "expert ***report*** disclosure." Doc. 19 at 1 (emphasis added). Further, Plaintiff's Disclosure relates to non-retained experts, and non-retained experts do not need to provide a report. *See Graves v. Great Lakes Ins. SE.*, 2024 WL 3219191, at *2 (M.D. Fla. June 28, 2024) ("Non-retained experts. . . need not provide a written report."); *Alvarez v. Allergen United States*, 2021 U.S. Dist. LEXIS 114385, at *7 (M.D. Fla. May 20, 2021) (finding that since a doctor was not retained as an expert, he was not required to provide

---

[1] The Certificate of Service for "Plaintiff's Notice of Serving Disclosure of Expert Witness" is dated May 1, 2025. Doc. 24-1 at 5.

a written report under Rule 26) (citing Fed.R.Civ.P. 26(a)(2)(C)). Accordingly, the Court is not inclined to find that Plaintiff's Disclosure was untimely based on the Court's deadline for disclosure of expert reports.[2]

Even so, Defendant also contends that Plaintiff violated Federal Rule Civil Procedure 26(a)(2)(C) by failing to properly identify each expert witness by name[3] and by failing to provide a summary of the facts and opinions to which each expert will testify.[4] Doc. 24 at 2. Defendant argues that Plaintiff's failure was neither substantially justified nor harmless and Defendant is now unable to assess the scope of Plaintiff's expert testimony and decide if a rebuttal is necessary. *Id*. at 2 to 3. Based on the foregoing, Defendant argues that "Plaintiff's experts should not be permitted to testify at trial based [sic] an incomplete and untimely disclosure." *Id*. at 3.

Plaintiff has not filed a response to the Motion and the time for doing so has elapsed. The Court routinely grants motions as unopposed where the opposing party has not filed a response in opposition to the motion. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). While the Court is not persuaded that Plaintiff's Disclosure was untimely based on the CMSO deadline, the Court finds that Defendant is entitled to relief because Plaintiff does not oppose Defendant's position that the Disclosure is deficient.

---

[2] Rule 26(a)(2)(D)(i) provides that "[a]bsent a stipulation or a court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial." Doc. 19 at 2. The trial term is December 2025 and, therefore, it appears that the Disclosure was timely.

[3] Plaintiff lists the names of eight physicians, but it is not clear if she intends to rely on more. *See* Doc. 24-1.

[4] According to Plaintiff's Disclosure, "[s]ome of the opinions held by these doctors may be contained in the medical records. If the Defendant wishes to fully explore the opinions that may be expressed at trial by these treating physicians, the Plaintiff will be happy to produce them for depositions." Doc. 24-1 at 2.

And with respect to the requested relief to "strike Plaintiff's expert disclosure," the non-retained experts may not give expert testimony at trial, but the Court makes no finding as to whether an individual listed in the Disclosure may testify as fact witnesses concerning any matter.

Based on the foregoing, it is **ORDERED** that:

1. Defendant's Motion (Doc. 24) is **GRANTED in part** to the extent that Plaintiff's expert disclosure (Doc. 24-1) is hereby **STRICKEN** and the individuals listed in the Disclosure are precluded from providing expert testimony and opinions at trial or in support of any motion or response; and

2. the remainder of the Motion (Doc. 24) is **DENIED**.

**ORDERED** in Orlando, Florida on May 30, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE